UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


HANS CHRISTIAN ANDERSON,

          Plaintiff,

v.                                  Case No. 8:10-cv-2644-T-33EAJ

DOCTOR MOXMESS, et al.,

          Defendant.

_____


**O R D E R**


This cause is before the Court on Anderson's 42 U.S.C. § 1983 prisoner civil rights complaint filed pro se. Anderson is housed at the Zephyrhills Correctional Institution which in October 1999 "took on the corrections mental health institution mission."

Anderson complains, among other things, that Dr. Moxmess asked to speak to him while he was writing. At the time Anderson was lying on his "rack" in his cell. He complains in this case, as he has in other cases, that he is well mentally, does not need medication, and should be released from prison to return to Denmark. The Court notes that the Florida Department of Corrections website reveals that Anderson is serving five 25-year sentences and one 15-year sentence in the Department of Corrections. His current

1

projected release date is November 23, 2023.

Discussion

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires the consideration of prisoner cases dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998).  Anderson's prior cases dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include 8:10-cv-1290-T-23EAJ,   8:10-cv-1467-T-17EAJ,   8:10-cv-1513-T-26EAJ,   and 8:10-cv-1691-T-26AEP.

Additionally,   8:10-cv-1512-T-23AEP,   8:10-cv-1593-T-27MAP,   8:10-cv-1651-T-27AEP,   8:10-cv-1692-T-33EAJ,   8:10-cv-1723–T-23TGW,   8:10-cv-1724-T-30TBM, 8:10-cv-2054-T-23TGW, and 8:10-cv-2576-T-33AEP were dismissed based on the "three strikes" provision in Section 1915(g).

Because he has had three or more prior dismissals and is not under imminent danger of serious physical injury, Anderson is not entitled to proceed in forma pauperis.[1] Anderson may initiate a new civil rights case by filing a civil rights complaint and paying the

---

[1] Anderson did not file a motion to proceed in forma pauperis.  Because he did not pay the filing fee, the Court construes this case as filed as an in forma pauperis case.

2

$350.00 filing fee.

Accordingly, the complaint (Doc. 1) is DISMISSED without prejudice to Anderson's filing a new complaint, in a new case, with a new case number, upon the payment of the $350.00 filing fee. The clerk shall close this case.

ORDERED at Tampa, Florida, on  November 30, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Hans C. Anderson